maEEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

_____ and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mrs. Cindy Hawthorne | 404-396-0865 | 07/02/73 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2451 Cumberland Parkway | Atlanta  GA 30339 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Board of Regents, University System of Georgia | 500+ | 404-962-3049 |

| Street Address | City, State and ZIP Code |
|---|---|
| 270 Washington St. SW | Atlanta, GA 30334 |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04/2024    Latest: 10/13/2024
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

My name is Cindy Hawthorne.  I am a mediator, as well as a certified federal EEO investigator. In October 2023, I was hired as an Assistant Director of Equity and Civil Rights Compliance at Georgia State University ("GSU"): my primary responsibilities involved conducting fact-finding and recommending levels of corrective action regarding complaints of unlawful conduct by students or employees under the various federal civil rights statutes and campus conduct guidelines.

Later in October, 2023, I was diagnosed with cancer and required surgery and chemotherapy from late 2023 to the summer of 2024. After returning from a medical leave in February 2024, I received a scheduling accommodation that permitted me to work remotely and to shift to a seven day flex schedule to enable my chemo schedule and medical followup appointments during the week. These accommodations were periodically extended by the leave and accommodations department  through the remainder of my employment

After three months on the job, I received a probationary evaluation that I was told was considered a very high score. My work was regularly praised by peers, including initially Chris Griffin, the Director of my department and Deputy Title IX coordinator at GSU. But in the period between February and April, 2024, on three separate occasions, Griffin and I had differences of opinion regarding three faculty misconduct investigations. Two of them involved student complaints that a faculty member had shown an

inappropriate level of interest in a female student doing a school sponsored trip and that another professor made racially insensitive comments in class criticizing the use of government assistance programs by minorities and the prevalence of poverty in Black and Brown communities. Another involved a female graduate research assistant's report of sexually harassing conduct by her supervising professor. In each instance, I believed that there was evidence of either culpability that merited discipline or a need for additional investigation. Griffin challenged these conclusions and sought to redirect my findings in a manner that was protective of faculty members.

In April 2024, as these disagreements with Griffin continued, I received my first counseling about performance and in early May 2024, I was placed on a performance improvement plan ("PIP") that directly cited my handling of two of the cases I described above; I was told in the PIP conference that my next investigative report might well determine whether I retained my job, which sent a signal to me that I needed to be less aggressive in determining possible violations of policy. It was also troubling that the PIP charged that I had missed internal timelines to conduct interviews and conclude investigations when Griffin knew that my leave and treatment schedule coincided with some of the supposed untimeliness.

After the expiration of the PIP after 90 days, I was told that it would be extended for another 30 days; in fact, the PIP was expanded to a 60 day period explicitly because I required more medical leave during August and September 2024. Also during the summer of 2024, I faced repeated pressure to resume at least a partial in-office schedule, which my doctor and the leave and accommodations department opposed in part because my status as a cancer survivor left me at greater risk for infectious diseases. There were remarks from the leadership in my department about my need to "pull my weight" which I took to allude to the time I had cumulatively spent on leave and my treatment accommodations since I joined GSU.

On October 10, 2024, I was terminated ostensibly on performance grounds that specifically referenced my capacity to weigh evidence and legal standards and a lack of productivity. Given the timing of the original PIP, I believe that I was terminated partly because of protected activity under Title VII of the Civil Rights Act of 1964, such as my recommendation of continued investigation and potential discipline of a faculty member for harassment of a female research assistant under his supervision. I also believe that my termination reflected disability discrimination in that my time off work and my medical accommodation negatively influenced the assessment of my performance, a violation of the Americans with Disabilities Act.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT |
| 03 / 13 / 2025<br><br>_____<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

**Dropbox Sign**

Audit trail

| | |
|---|---|
| **Title** | EEOC charge, Cindy Hawthorne |
| **File name** | Cindy_Hawthorne_EEOC_charge.docx.pdf |
| **Document ID** | e06d17dd2124a3e393de77a49b1ca465ea368c68 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

**SENT** — **03 / 13 / 2025** 13:16:48 UTC-4 — Sent for signature to Cindy Hawthorne (cawhawthorne@gmail.com) from jwalker@hkm.com IP: 70.158.101.148

**VIEWED** — **03 / 13 / 2025** 21:30:17 UTC-4 — Viewed by Cindy Hawthorne (cawhawthorne@gmail.com) IP: 66.56.8.161

**SIGNED** — **03 / 13 / 2025** 21:31:22 UTC-4 — Signed by Cindy Hawthorne (cawhawthorne@gmail.com) IP: 66.56.8.161

**COMPLETED** — **03 / 13 / 2025** 21:31:22 UTC-4 — The document has been completed.